UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA ROSE LANGLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 17-CV-04583-LHK<br><br>**ORDER GRANTING MOTION TO VACATE THE JUDGMENT AND REOPEN THE CASE**<br><br>Re: Dkt. No. 24 |

Before the Court is a motion to vacate the judgment and reopen the case filed by Plaintiff Jessica Rose Langley ("Plaintiff"). ECF No. 24 ("Mot."). Defendant Commissioner of Social Security ("Defendant") has not opposed or otherwise responded to Plaintiff's motion. Having considered Plaintiff's submission, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion.

## I.    BACKGROUND

On August 10, 2017, Plaintiff, who is represented by counsel, filed a complaint against Defendant. ECF No. 1. On August 22, 2017, Defendant consented to proceed before Magistrate Judge Elizabeth D. Laporte. ECF No. 9. On November 16, 2017, Defendant filed an answer and lodged the administrative record. ECF Nos. 12 & 13.

On November 21, 2017, the Clerk ordered Plaintiff to file Plaintiff's consent or declination to proceed before a magistrate judge by December 5, 2017. ECF No. 14. On December 8, 2017, Plaintiff submitted a blank consent/declination form. ECF No. 15. Then, on May 11, 2018, the Clerk again ordered Plaintiff to file Plaintiff's consent or declination to proceed before a magistrate judge by May 25, 2018. ECF No. 17. Plaintiff did not respond. Finally, on August 24, 2018, the Clerk ordered Plaintiff to file Plaintiff's consent or declination to proceed before a magistrate judge by September 7, 2018. ECF No. 18. Plaintiff again did not respond. Nor did Plaintiff file a motion for summary judgment or for remand within 28 days of service of Defendant's November 16, 2017 answer, as required by Civil Local Rule 16-5.

On September 13, 2018, Magistrate Judge Laporte ordered Plaintiff "to show cause in writing by September 20, 2018 why this case should not be dismissed for failure to prosecute." ECF No. 19. After Plaintiff failed to respond to the order to show cause, Magistrate Judge Laporte issued a Report and Recommendation to dismiss the case on September 24, 2018. ECF No. 20 ("September 24, 2018 Report and Recommendation"). On September 24, 2018, after Magistrate Judge Laporte issued her Report and Recommendation, the case was reassigned to the undersigned. *See* ECF No. 21.

On September 25, 2018, this Court issued an Order vacating the September 24, 2018 Report and Recommendation and dismissing the case with prejudice for failure to prosecute. ECF No. 22. In the Court's order, the Court weighed the five factors for dismissing a matter for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court found that the first two factors weighed strongly in favor of dismissal "[g]iven Plaintiff's failure to comply with three separate orders to consent or decline magistrate judge jurisdiction, failure to file a summary judgment motion, and failure to comply with Magistrate Judge Laporte's order to show cause." ECF No. 22 at 2. The Court also found that the third factor

weighed in favor of dismissal. *See id.* at 2–3. The Court stated: "Plaintiff filed this case over a year ago on August 10, 2017, and has effectively not engaged in any litigation over the last year. Plaintiff's delay also creates a presumption of injury [to the Defendant]." *Id.* As for the fifth factor, the Court emphasized that "warning a [party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.* at 3 (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987)). The Court found that Plaintiff had been sufficiently warned and had failed to comply with multiple court orders, including Magistrate Judge Laporte's order to show cause. *Id.*

Accordingly, having weighed the factors, the Court dismissed with prejudice the case for failure to prosecute. *Id.* On September 25, 2018, the Court entered judgment in favor of Defendant and directed the Clerk to close the file. ECF No. 23. The case file was closed that same day.

On October 9, 2018, Plaintiff filed the instant motion to vacate the judgment and reopen the case. *See* Mot. In support of her motion, Plaintiff attached a declaration from counsel and a proposed motion for summary judgment. *See id.*

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Pursuant to Federal Rule of Civil Procedure 60(b), a Court may grant a party relief from an order or judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant a party relief pursuant to Rule 60(b) is within the district court's discretion. *Towery v. Ryan*, 673 F.3d 933, 940 (9th Cir. 2012).

Here, Plaintiff seeks relief from the Court's September 25, 2018 Judgment and order vacating the September 24, 2018 Report and Recommendation and dismissing the case with

3

Case No. 17-CV-04583-LHK
ORDER GRANTING MOTION TO VACATE THE JUDGMENT AND REOPEN THE CASE

prejudice for failure to prosecute. Mot. at 2–3; *see* ECF Nos. 22 & 23. In particular, Plaintiff argues that after Magistrate Judge Laporte issued her September 24, 2018 Report and Recommendation, Plaintiff was entitled to the opportunity to "serve and file specific written objections to [the] recommendation within fourteen (14) days after being served with a copy." *See id.* (quoting September 24, 2018 Report and Recommendation). According to Plaintiff, the fourteen-day deadline to file an objection to the September 24, 2018 Report and Recommendation was October 8, 2018. Mot. at 3. Plaintiff represents that "Plaintiff had no intention of not filing an objection; however, was not afforded an opportunity to do so" because the undersigned issued its order vacating the September 24, 2018 Report and Recommendation and dismissing the case with prejudice for failure to prosecute on September 25, 2018. *Id.*

None of the first five Rule 60(b) bases to grant relief from the order apply in the instant case. Specifically, there was no (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; or (5) satisfaction of the judgment. Nonetheless, Plaintiff, who has always been represented by counsel, now appears to be willing to litigate the case. The Court believes that allowing Plaintiff to now litigate her case would be in the interest of justice and GRANTS Plaintiff's motion to vacate the judgment and reopen the case.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to vacate the judgment and reopen the case. The Clerk shall reopen the file. The Court sets aside the Judgment. *See* ECF No. 23. Plaintiff shall file her motion for summary judgment by Friday, January 11, 2019. Failure to file a motion for summary judgment by January 11, 2019 will result in a dismissal of this case with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 8, 2019

_____
LUCY H. KOH
United States District Judge